Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| NELSON ALEXIS SANTIAGO MARTÍNEZ<br><br>Recurrido<br><br>Vs.<br><br>KAREN DE LOURDES SEVILLA AUBERGE<br><br>Peticionario | KLCE202500047 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre: Divorcio<br><br>Caso Núm.: CA2024RF00258 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Comparece ante nos, la Sra. Karen De Lourdes Sevilla Auberge (en adelante: "Sevilla Auberge" o "peticionaria-demandada") mediante la *Petición de Certiorari* epígrafe. Solicita que revoquemos la *Resolución* emitida y notificada el 17 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante: "TPI"). En esta, se dejó sin efecto la orden paralizando las relaciones paternofiliales y se reiteró el traslado del caso al TPI, Sala Superior de Bayamón.

Mediante Resolución emitida el **21 de enero de 2025**, este Tribunal de Apelaciones expidió el auto de *certiorari* y ordenó **únicamente** la paralización **provisional** de las relaciones paternofiliales.

-I-

De los autos surge que, la señora Sevilla Auberge y el Sr. Nelson Alexis Santiago Martínez (en adelante: "Santiago Martínez" o

"recurrido") contrajeron nupcias el **9 de marzo de 2017**.[1] De la relación habida entre ellos, el **28 de marzo de 2017** nació la menor U.V.S.S. (en adelante: "la menor" o "UVSS").[2]

Posteriormente, el señor Santiago Martínez presentó el **17 de abril de 2024** una *PETICIÓN DE DIVORCIO POR RUPTURA IRREPARABLE*.[3] Entre otras cosas, solicitó que la patria potestad y custodia de la menor se concediera de manera compartida, dado que las partes habían llegado a dicho acuerdo.

Por su parte, la señora Sevilla Auberge contestó la demanda e instó una reconvención el **20 de mayo de 2024**.[4] En resumen, se opuso a la custodia compartida y a las relaciones paternofiliales sin supervisión. Por lo cual, solicitó que la custodia fuera monoparental a su favor y se paralizaran las relaciones paternofiliales.

Así las cosas, el **30 de julio de 2024** el TPI emitió una sentencia,[5] en la que declaró disuelto el vínculo matrimonial por la causal de ruptura irreparable.[6] Determinó, además que la patria potestad y la custodia de la menor sería compartida, y refirió a las partes a la *Unidad Social* para un estudio social en cuanto a la custodia monoparental o compartida y las relaciones filiales.

Sin embargo, el **20 de noviembre de 2024** la peticionaria presentó ante el TPI una moción urgente solicitando la paralización de la custodia compartida.[7] Entre sus alegaciones, señaló que la menor le tenía miedo a su progenitor y estaba siendo maltratada físicamente por su padre y la pareja de éste.

Evaluada la moción, el TPI ordenó a la Trabajadora Social de la Unidad Social, la Sra. Neidín Ramos Candelaria (en adelante: "TS Ramos Candelaria"), a presentar el informe encomendado a dicha

---

[1] Apéndice 19 de la *Petición de Certiorari*, págs. 65-74.
[2] *Íd.*
[3] *Íd.*
[4] Apéndice 18 de la *Petición de Certiorari*, págs. 62-64.
[5] Notificado el 15 de agosto de 2024.
[6] Apéndice 17 de la *Petición de Certiorari*, págs. 59-61.
[7] Apéndice 13 de la *Petición de Certiorari*, págs. 46-48.

unidad.[8] En respuesta, la TS Ramos Candelaria informó las fechas en que se realizarían las evaluaciones psicológicas y psiquiátricas, así como la redacción del informe social.[9]

El **26 de noviembre de 2024**, la señora Sevilla Auberge presentó una moción informativa urgente y reiterando la paralización de las relaciones paternofiliales.[10] Señaló, entre otros asuntos, que se encontraba en curso una investigación sobre maltrato de menores; además, que la menor no estaba segura en el hogar paterno.

Ese mismo día, **26 de noviembre de 2024**, el señor Santiago Martínez se opuso a la paralización.[11] Alegó que la señora Sevilla Auberge abusaba de la menor y suspendió unilateralmente las relaciones paternofiliales. Solicitó, con carácter de urgencia, que el TPI ordenara a la peticionaria el cese del maltrato a la menor y cumpliera con la custodia compartida. Reiteró su solicitud para que se le concediera la custodia monoparental de la menor.

Atendido el asunto, el TPI emitió una *Orden* el **26 de noviembre de 2024** notificada el 27.[12] Determinó, en lo pertinente, que:

> *Atendida la moción presentada y los documentos anejados se paralizan de manera provisional las relaciones filiales. Exponga la parte demandante su posición en cuanto a lo alegado. A los fines de contestar la orden se ordena al Hospital Presbiteriano Ashford a que luego del trámite de rigor, provea copia del expediente médico relacionado con la menor USS.*[13]

A solicitud de la peticionaria, el **26 de noviembre de 2024** el Tribunal de Primera Instancia, Sala Municipal de Bayamón expidió una *Orden de Protección ex parte* bajo la Ley Núm. 57-2023, conocida como la *Ley para la Prevención del Maltrato, Preservación*

---

[8] *Orden* emitida el 22 de noviembre de 2024 y notificada el 25 de noviembre de 2024.; Apéndice 12 de la *Petición de Certiorari*, págs. 44-45.
[9] Apéndice 14 de la *Petición de Certiorari*, págs. 49-50.
[10] Apéndice 9 de la *Petición de Certiorari*, págs. 32-35.
[11] Apéndice 10 de la *Petición de Certiorari*, págs. 36-41.
[12] Apéndice 2 de la *Petición de Certiorari*, pág. 2.
[13] *Íd.*

*de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores* en contra del recurrido y suspendió las relaciones paternofiliales. Dicha orden estuvo vigente desde el 26 de noviembre de 2024 hasta el 5 de diciembre de 2024. No obstante, fue extendida hasta la fecha de la vista final el 16 de diciembre de 2024.[14]

De su parte, el **3 de diciembre de 2024** la TS Ramos Candelaria sometió una *"Moción Informativa"*.[15] Adujo que, advino en conocimiento de que la menor reside en Bayamón, por lo que solicitó que el caso fuera trasladado a la referida jurisdicción. El **11 de diciembre de 2024**, la peticionaria solicitó el traslado del caso, entre otras consideraciones.[16] Sin embargo, el señor Santiago Martínez se opuso al traslado, y alegó que ello atrasaría los procesos.[17]

Referente al traslado, el **6 de diciembre de 2024 y notificado el 17 de diciembre de 2024** el TPI ordenó que el caso fuese trasladado al Tribunal de Primera Instancia, Sala Superior de Bayamón.[18]

Por otro lado, el **17 de diciembre de 2024**, el recurrido sometió una urgente solicitud, en la cual señaló que el Tribunal Municipal de Bayamón denegó la solicitud de la orden de protección en la vista final del 16 de diciembre de 2024.[19] Por lo que, solicitó que se dejara sin efecto la paralización de las relaciones paternofiliales y se reanudara la custodia compartida.

En la **misma fecha**, el TPI dejó sin efecto la orden emitida el 27 de noviembre de 2024 paralizando las relaciones paternofiliales y reiteró el traslado del caso a Bayamón.[20]

---

[14] Véanse, el Apéndice 15 de la *Petición de Certiorari*, págs. 51-56; *Karen de Lourdes Sevilla Huberge v. Nelson Alexis Santiago Martínez*, Caso Núm. BYL572024-458, *Orden de Protección ExParte* del 26 de noviembre de 2024 y del 5 de diciembre de 2024.
[15] Apéndice 8 de la *Petición de Certiorari*, págs. 30-31.
[16] Apéndice 7 B de la *Petición de Certiorari*, págs. 19-22.
[17] Apéndice 7 C de la *Petición de Certiorari*, págs. 23-29.
[18] Apéndice 3 de la *Petición de Certiorari*, págs. 3-4.
[19] Apéndice 4 de la *Petición de Certiorari*, págs. 5-6.
[20] Notificada el mismo día.; Apéndice 1 de la *Petición de Certiorari*, pág. 1.

Inconforme con la *Orden*, el **16 de enero de 2025** la señora Sevilla Auberge presentó ante nos un recurso de *certiorari* y señaló la comisión de tres (3) errores:

> **PRIMER ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE CAROLINA AL DEJAR SIN EFECTO LA ORDEN SOBRE LA PARALIZACION DE RELACIONES PATERNOFILIALES SIN TOMAR EN CONSIDERACIÓN QUE YA HABIA AUTORIZADO EL TRASLADO A BAYAMON Y EN CONOCIMIENTO DE LA QUERELLA CONTRA EL RECURRIDO ANTE LA UNIDAD DE DELITOS SEXUALES Y MALTRATO A MENORES DEL CUERPO DE INVESTIGACION CRIMINAL DE SAN JUAN.*

> **SEGUNDO ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE CAROLINA AL DEJAR SIN EFECTO LA ORDEN DE PARALIZACIÓN DE RELACIONES PATERNOFILIALES SIN QUE EL TRIBUNAL DE PRIMERA INSTANCIA DE BAYAMÓN, FAMILIA Y MENORES RECIBIERA EL CASO EN TRASLADO PARA CONTINUAR LA INVESTIGACION SOCIAL CON EL BENEFICIO DE LAS AGENTES QUE INVESTIGARON A LA MENOR Y QUIENES REFIRIERON LA QUERELLA DE ÍNDOLE CRIMINAL A LA UNIDAD DE DELITOS SEXUALES.*

> **TERCER ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE CAROLINA AL DEJAR SIN EFECTO LA ORDEN DE PARALIZACIÓN DE RELACIONES PATERNOFILIALES SIN CONTAR CON PERITOS CAPACITADOS PARA EVALUAR EL PELIGRO DE QUE LA MENOR REGRESE AL HOGAR DONDE OCURRIO EL ALEGADO MALTRATO Y SIN SALVAGUARDAR LA INVESTIGACION POLICIACA EN DETRIMENTO DE UNA MENOR CON DISCAPACIDADES.*

El **17 de enero de 2025** la peticionaria presentó una moción en auxilio de jurisdicción y nos solicitó la paralización de las relaciones paternofiliales. Ese mismo desestimamos la moción ya que no cumplió con la Regla 79 (E) del Reglamento del Tribunal de Apelaciones. No obstante, se ordenó al recurrido a que, *en o antes del martes, 21 de enero de 2025 al mediodía,* mostrara causa por la cual no se debía expedir el *certiorari* solicitado.

Ese **mismo día**, la peticionaria nos sometió una *"URGENTE MOCION SOMETIENDO MOCIÓN INFORMATIVA DE LA UNIDAD SOCIAL"*, en la cual informó que la TS Ramos Candelaria le solicitó al TPI, mediante una *"Moción Informativa"*, que se suspendieran las relaciones paternofiliales provisionalmente hasta que el Departamento de la Familia (en adelante: "Dpto. de la Familia")

realizara la correspondiente investigación.[21] Según la TS Ramos Candelaria, la Psicóloga Dra. Wanda Luciano Ortega, hizo un referido al Dpto. de la Familia ante unas alegaciones de toques inadecuados a la menor por parte de su progenitor.[22]

Mediante *Resolución* emitida el **21 de enero de 2025**, este foro apelativo determinó que:

> *Transcurrido el plazo ordenado en nuestra Resolución emitida el pasado 17 de enero de 2025, para que la parte recurrida mostrara causa por la cual no debiéramos expedir el auto de certiorari solicitado, procedemos a resolver sin el beneficio del recurrido.*
>
> *Se expide el auto de certiorari y se ordena **únicamente** la paralización **provisional** de las relaciones paternofiliales hasta que ocurra una de cualesquiera de las siguientes dos (2) situaciones:*
>
> a) *El Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón examine y resuelva en los méritos la moción sobre maltrato de la menor UVSS, que la peticionaria presentó en contra del recurrido y está pendiente ante su consideración. De ser resuelta <u>antes</u> de que este Tribunal de Apelaciones se exprese sobre el recurso de certiorari de epígrafe, el TPI deberá notificarlo a esta Curia.*
> b) *El Tribunal de Apelaciones resuelva el recurso de certiorari pendiente ante nuestra consideración.*
>
> *En consecuencia, ordenamos a la parte recurrida a que presente su alegato en un plazo de treinta (30) días. Advertimos, que de no cumplir con lo antes ordenado, estaremos resolviendo el recurso de certiorari sin el beneficio de su posición.*

Mediante *Orden* emitida y notificada el **22 de enero de 2025** el TPI, Sala Superior de Bayamón dispuso que: "*[a]tendida la Moción Informativa presentada por la Trabajadora Social […] Tomando en consideración la seguridad de la menor, **se suspenden provisionalmente las relaciones paternofiliales**. Se le ordena al Departamento de la Familia, UIE, informar al Tribunal el resultado de investigación sobre el referido […]*".[23]

El **20 de febrero de 2025**, compareció el recurrido mediante el escrito intitulado: *"Alegato del Recurrido"*. Con el beneficio de la

---

[21] *Véase*; *URGENTE MOCIÓN SOMETIENDO MOCIÓN INFORMATIVA DE LA UNIDAD SOCIAL* presentada a este Foro el **17 de enero de 2025**.

[22] *Véase*; Anejo de la *URGENTE MOCIÓN SOMETIENDO MOCIÓN INFORMATIVA DE LA UNIDAD SOCIAL* presentada a este Foro el **17 de enero de 2025**.

[23] *Orden* emitida y notificada el **22 de enero de 2025** por el Tribunal de Primera Instancia, Sala Superior de Relaciones de Familia y Menores de Bayamón (3001).

comparecencia de ambas partes, damos por sometido el asunto para la atención del Panel.

**-II-**

**A.**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[24] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[25]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones <u>podrá</u> revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, <u>en casos de relaciones de familia</u>, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[26]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

---

[24] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[25] *García v. Asociación,* 165 DPR 311, 321 (2005).
[26] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[27]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[28]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[29]

**B.**

A su vez, es norma en nuestro ordenamiento jurídico, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[30]

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[31] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[32]

El Reglamento de este honorable Tribunal nos faculta bajo la

---

[27] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[28] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[29] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[30] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007)*; Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[31] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[32] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

Regla 83,[33] a desestimar un recurso por cualquiera de las siguientes instancias:

> (B) *Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
>> (1)   *que el Tribunal de Apelaciones carece de jurisdicción;*
>> (2)   *que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
>> (3)   *que no se ha presentado o proseguido con diligencia o de buena fe;*
>> (4)   *que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o*
>> (5)   ***que el recurso se ha convertido en académico.***
> (C) *El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.* [34]

**-III-**

En esencia, los tres (3) errores que la peticionaria nos señala se resumen en que el TPI de la Sala Superior de Carolina incidió al dejar sin efecto la paralización de las relaciones paternofiliales, pese a trasladarlo al Tribunal de Primera Instancia Sala Superior de Bayamón.

No obstante, el **22 de enero de 2025** el TPI de la Sala Superior de Bayamón notificó la siguiente orden: "*[a]tendida la Moción Informativa presentada por la Trabajadora Social […] Tomando en consideración la seguridad de la menor, **se suspenden provisionalmente las relaciones paternofiliales**. Se le ordena al Departamento de la Familia, UIE, informar al Tribunal el resultado de investigación sobre el referido […]*".[35]

Nótese que, conforme lo solicitó la TS Ramos Candelaria mediante la *"Moción Informativa"*, el TPI de la Sala Superior Bayamón ordenó la paralización provisional de las relaciones paternofiliales, hasta que el Dpto. de la Familia realizara la

---

[33] 4 LPRA Ap. XXII-B, R. 83.
[34] *Id.*
[35] *Orden* emitida y notificada el **22 de enero de 2025** por el Tribunal de Primera Instancia, Sala Superior de Relaciones de Familia y Menores de Bayamón (3001).

correspondiente investigación e informara los resultados. Es decir, conforme a los resultados de ese informe, el TPI emitirá una Resolución referente a las relaciones paterno filiales que será objeto de revisión por la parte adversamente afectada.

Ante este escenario, el presente recurso se ha tornado académico; es decir, nos encontramos ante un asunto no justiciable, pues lo resuelto en la citada resolución permea, por demás, los errores señalados. Por lo que, procede la desestimación del recurso de *certiorari.*

### -IV-

Por los fundamentos antes expresados, se desestima el recurso de *certiorari* epígrafe.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones